UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOPAREX, LLC, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:09-cv-01411-SEB-JMS |
| | ) | |
| MPI RELEASE TECHNOLOGIES, LLC, ET AL., | ) | |
| *Defendants.* | ) | |
| | ) | |

**ORDER**

Presently before the Court are Defendant Gerald Kerber's and Defendant Stephan Odders' Motions for Leave to File Answer and Counterclaim. [Dkts. 80 and 82, respectively.]

In this employment-related case, Defendants Kerber and Odders seek leave to amend their answers to assert a counterclaim that Plaintiff Loparex, LLC ("Loparex"), has violated Indiana's anti-blacklisting statute, codified at Ind. Code § 22-5-3-2. Their motion is timely; no case management plan has yet been entered.

The Federal Rules provide that leave to amend pleadings should be "freely give[n] when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Contending that the proposed counterclaims are futile, Loparex argues that the Court should not permit the amendments. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (listing futility as one acceptable ground for denying a motion for leave to amend).

Loparex argues that Mr. Kerber's proposed amendment because he voluntarily left his employment and that *Wabash R. Co. v. Young*, 69 N.E. 1003, (Ind. 1904), thus prevents him from invoking the anti-blacklisting statute. In that case, the Indiana Supreme Court held that the previously codified version of the statute violated Indiana's one-subject rule, *see* Ind. Const. Art.

4, § 19, to the extent that it applies to employees who voluntarily leave their employment. *Young*, 69 N.E. at 1004.[1]

Inasmuch as the task of the Court is to predict how the Indiana Supreme Court would decide state-law questions if presented with them **today**, *Mindgames, Inc. v. W. Publ'g Co.*, 218 F.3d 652, 655-56 (7th Cir. 2000), the Magistrate Judge cannot say that the amendment is obviously futile.  Many, more modern, judicial decisions from "both the Indiana Court of Appeals and the United States District Court for the Southern District of Indiana have expressed skepticism as to the accuracy of *Young* today." *Lemaster v. Spartan Tool, LLC*, 2009 U.S. Dist. LEXIS 21415, \*\* 7-8 (S.D. Ind. 2009) (collecting decision, including one from then District Judge Hamilton).  Indeed, as the Indiana Court of Appeals has noted, the portion of the one-subject clause that *Young* relied upon, requiring that "the title of the act express the subject of the act," was removed by amendment in 1974.  *Burk v. Heritage Food Serv. Equip.*, 737 N.E.2d 803, 818 (Ind. Ct. App. 2000).  Thus, the District Judge could well reject the possibility that the Indiana Supreme Court might either overrule or find inapplicable its much criticized precedent. *See Mindgames,* 218 F.3d at 655-56 ("[T]he federal court must predict how the state's highest court would decide the case, and decide it the same way.  Since state courts like federal courts do occasionally overrule their decisions, there will be occasional, though rare, instances in which the best prediction of what the state's highest court will do is that it will not follow its previous decision.").

Loparex advances a different futility argument against Mr. Odders' proposed amendment.  It says that he can't maintain a blacklisting claim where, as here, "[a] former employer has attempted to enforce a non-compete clause against the former employee working

---

[1] Since *Young*, the Indiana General Assembly has re-enacted the statute, as part of a general re-codification of Indiana laws.  *See* 1993 Ind. Acts 8.

- 2 -

for a new employer," *Baker v. Tremco*, Inc. 890 N.E.2d 73, 86 (Ind. Ct. App. 2008).[2] In *Baker*, the Court of Appeals adopted as a rule what had been mere dicta in one of its previous decisions. *See id.* (citing *Burk*, 737 N.E.2d 803).

While perhaps persuasive on a motion to dismiss, the Court of Appeals' treatment of the blacklisting issue doesn't necessarily make Mr. Odders' amendment futile. *See Schaefer-LaRose v. Eli Lilly & Co.*, 2008 U.S. Dist. LEXIS 25293, *4 (S.D. Ind. 2008) ("While Plaintiffs' arguments against [amending an answer to assert a particular] defense may ultimately prove well taken, that decision is for another day; a potential weakness in a defense does not equate with futility."). Recently, the Indiana Supreme Court granted transfer in the *Baker* case. *Baker*, 2009 Ind. LEXIS 128 (Ind. 2009). It only summarily affirmed the Court of Appeals' decision on the blacklisting issue (while ruling upon other issues in the case). *Baker* 917 N.E.2d 650, 652 n.1 (Ind. 2009) ("We summarily affirm the Court of Appeals' disposition of the claims…[involving the] blacklisting statute…." (citation omitted)). A summary affirmance on an issue doesn't represent controlling Indiana Supreme Court precedent. Ind. App. Rule 58(A)(2)("[T]hose opinions or portions thereof that are summarily affirmed by the Supreme Court…shall be considered as Court of Appeals' authority."). And what the Indiana Supreme Court would decide as controlling precedent is exactly what the Court must determine. *See Mindgames*, 218 F.3d at 655-56.[3]

---

[2] Loparex also cites *Lemaster* for the same proposition, which in turn relied upon *Baker*. *See Lemaster*, 2009 U.S. Dist. LEXIS 21415 at ** 9-10.

[3] Mr. Odders' reply brief provides other reasons why amendment would not be futile, even assuming that *Baker*'s treatment of the anti-blacklisting statute represented binding precedent. [*See* dkt. 98.]

## CONCLUSION

Because Defendants' Motions for Leave to File Answer and Counterclaim, [dkts. 80 and 82], aren't necessarily futile, they are **GRANTED**.

The Clerk shall immediately docket Mr. Kerber's amended answer and counterclaim, and supporting materials [dkt. 80-1 to -7].

Mr. Odders doesn't believe that his amended answer and counterclaim should be filed under seal. [Dkt. 83 at 2], but notes that it does contain material subject to the stipulated protective order that has been entered in this case. Accordingly, the Clerk shall immediately docket Mr. Odders' amended answer and counterclaim, together with its supporting materials, [dkt. 82 and dkt. 81-2 through -5] under seal and seal dkt 81-2 through -5. But Loparex (or Defendant MPI Release Technologies, LLC, if it so chooses) shall **SHOW CAUSE**, if any, why Mr. Odders' amended answer and counterclaim should not be unsealed. *See generally Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002) (explaining the "strong presumption of public disclosure" that attaches to "materials that form[] the basis of the parties' dispute").

Mr. Odders' motion to file redacted versions of his amended answer and counterclaim, [dkt. 81], is **GRANTED**, so that the public can have immediate access to at least the substance of Mr. Odders' counterclaim.

03/31/2010

*[signature]*

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Lisa A. Baiocchi
CONSTANGY BROOKS & SMITH, LLP.
lbaiocchi@constangy.com

Jeffrey B. Halbert
STEWART & IRWIN P.C.
jhalbert@silegal.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Charles W. Pautsch
CONSTANGY BROOKS & SMITH LLP
cpautsch@constangy.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com