UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOPAREX, LLC,                              ) | |
|                                            ) | |
|         Plaintiff,                         ) | |
|                                            ) | |
|     vs.                                    ) | |
|                                            )  | 1:09-CV-1411-SEB-JMS |
| MPI RELEASE TECHNOLOGIES, LLC,             ) | |
| GERALD KERBER, AND STEPHAN                 ) | |
| ODDERS,                                    ) | |
|                                            ) | |
|         Defendants.                        ) | |

## THE MPI DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS

MPI Release Technologies, LLC ("MPI"), Gerald Kerber, and Stephan Odders (collectively, "the MPI Defendants"), respectfully move the Court, pursuant to Fed. R. Civ. P. 26 and 37, 28 U.S.C. § 1927, and the Court's inherent power, to award for discovery sanctions against the plaintiff, Loparex, LLC ("Loparex") and its lead counsel.[1]

The MPI Defendants are seeking redress for repeated instances of vexatious litigation conduct and for misrepresentations made by Loparex to this Court and the MPI Defendants in an effort to use the litigation process to harass and oppress the MPI Defendants into submission and to deprive the MPI Defendants of relevant documents and other forms of discovery.

Specifically, Loparex filed an "emergency" motion for temporary restraining order and preliminary injunction and a motion for expedited discovery. As a result, the parties embarked on what Loparex has admitted was "substantial discovery," but which in reality was largely a sham because of Loparex's ill-conceived plan to produce and designate as trade secrets irrelevant

documents at the same time it was withholding the documents on which it actually planned to rely at the preliminary injunction hearing. The discovery misconduct related to this scheme included:

1. Mis-designating its own documents as "trade secrets" in interrogatories, causing the MPI Defendants to review and depose Loparex about thousands of pages of irrelevant documents;

2. Withholding production of its allegedly secret formulas until mere days before the hearing and producing only heavily redacted versions to the MPI Defendants while planning to submit unredacted versions to the Court at the hearing; and,

3. Giving non-responsive, overly general interrogatory answers when asked for specific descriptions of any alleged trade secrets, despite having been told previously by another federal judge that its descriptions were too general.

In addition, despite having been ordered to review the Seventh Circuit's Standard for Professional Conduct, Loparex engaged in other discovery-related misconduct, including:

4. Unilaterally terminating its deposition and those of its witnesses;

5. Abusing the MPI Defendants' witnesses by dragging out their depositions with questions entirely irrelevant to this case and at best relevant only to another case pending before another court;

6. Withholding highly relevant documents and misrepresenting the completeness of its production to the MPI Defendants, forcing the MPI Defendants to pursue third-party discovery in Minnesota;

7. Misrepresenting the volume and completeness of its document production; and,

8. Failing to provide a privilege log, despite several assurances that it would do so.

The misconduct by Loparex and its counsel is sanctionable at least under Fed. R. Civ. P. 26(g)(3) and 37, 28 U.S.C. § 1927, and the Court's inherent power. The MPI Defendants respectfully request the Court to sanction Loparex by dismissing Loparex's claims with prejudice, which is the only remedy that will relieve the MPI Defendants' of the burden of

---

[1] The MPI Defendants do not seek sanctions against Loparex's local counsel, Mr. Halbert and Stewart & Irwin, as they have not been responsible for the conduct complained of and, to the contrary, have made a positive contribution to civility and orderly procedure in this case.

Loparex's oppressive conduct in the future, and ordering Loparex to reimburse the MPI Defendants' reasonable attorneys' fees to remedy harm from the past. In addition, the Court should hold that, by failing to produce a privilege log, Loparex has waived the attorney/client privilege and work product immunity for all documents responsive to the MPI Defendants' Second Request for Production of Documents, served December 9, 2009, and order Loparex to produce all such documents.

This Motion is supported by an accompanying brief, the MPI Defendants' Certificate of Compliance with Local Rule 37.1, and certain exhibits.

WHEREFORE, the Court should dismiss Loparex's claims with prejudice and award the MPI Defendants the reasonable attorneys' fees they have incurred as a result of the misconduct described above. The Court should afford the MPI Defendants fourteen days following its ruling on this motion to submit evidence of the relevant attorneys' fees. The Court should hold that Loparex has waived the attorney-client privilege and work product immunity for all documents responsive to the MPI Defendants' second request and award the MPI Defendants all other just and proper relief.

Respectfully submitted,

*s/Lynn C. Tyler*
Donald E. Knebel
Lynn C. Tyler
Aaron M. Staser
Jennifer L. Schuster
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Ph.: 317/231-7392
Fax: 317/231-7433

                                              Attorneys for Defendants, MPI Release Technologies, LLC, Gerald Kerber, and Stephan Odders

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>
> Charles W. Pautsch
> Lisa A. Baiocchi
> CONSTANGY, BROOKS & SMITH LLP
> 330 East Kilbourn Avenue
> Suite 827
> Milwaukee, WI 53202
> cpautsch@constangy.com
> lbaiocchi@contangy.com
>
> Jeffrey B. Halbert
> STEWART & IRWIN, P.C.
> 251 E. Ohio Street
> Suite 1100
> Indianapolis, IN 46204
> jhalbert@silegal.com

>
> _s/Lynn C. Tyler_

INDS02 LCT 1101545v1