UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOPAREX, LLC, )<br>  Plaintiff, )<br> )<br> vs. )<br> )<br>MPI RELEASE TECHNOLOGIES, LLC, )<br>GERALD KERBER, and )<br>STEPHAN ODDERS, )<br>  Defendants. ) | 1:09-cv-1411-JMS-TAB |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

**I.   Introduction**

The word *confer* derives from the Latin *conferre*—"to bring together"—and means to compare views or take counsel. In this district, Local Rule 37.1 requires counsel to confer in good faith before submitting a discovery dispute to the Court, and encourages counsel to contact the assigned Magistrate Judge before filing a formal discovery motion. Plaintiff's counsel in this case ignored not only Local Rule 37.1, but also the Court's repeated warnings about increasing incivility and moved to compel without conferring in good faith. For these reasons, as more fully set forth below, the Court denies Plaintiff's motion to compel. [Docket No. 271.]

**II.   Background**

This trade secrets case is before the Court on another discovery dispute despite the Court's repeated admonitions encouraging cooperation. [*E.g.*, Docket Nos. 44, 188.] As recently as March 21, 2011, the Court concluded an entry denying Plaintiff's motion for sanctions with the following observation:

> [W]hat should be a straightforward trade secrets case has resulted in an
> abnormally high number of discovery disputes, not to mention multiple motions

for sanctions. Counsel on both sides are reminded that while they can and should zealously advocate for their clients, zealous advocacy does not equate with a total-war mentality toward litigation.

[Docket No. 270 at 8.]

This warning apparently fell on deaf ears. At 12:12 p.m. on March 23—less than forty-four hours after the Court's March 21 reminder—Plaintiff's counsel emailed Defendants' counsel threatening to file a motion to compel if Defendants failed to stipulate to additional discovery before 9:00 the next morning. [Docket No. 274, Ex. 2.] Defendants' counsel responded hours later with several meaningful objections and urged Plaintiff's counsel to heed the Court's recent admonition. [*Id.*]

That warning also fell on deaf ears, and Plaintiff's counsel filed this motion to compel. [Docket No. 271.] The motion did not include any statement of informal attempts to resolve the dispute, and Plaintiff's counsel have not replied to Defendants' argument that this failure precludes relief.

### III. Discussion

Local Rule 37.1, amended effective January 1, 2011, sets out this Court's expectations of counsel involved in discovery disputes:

> (a) Prior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute. If any such dispute cannot be resolved in this manner, counsel are encouraged to contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to counsel filing a formal discovery motion. When the dispute involves an objection raised during a deposition that threatens to prevent completion of the deposition, any party may recess the deposition to contact the Magistrate Judge's chambers.
>
> (b) In the event that the discovery dispute is not resolved at the conference, counsel may file a motion to compel or other motion raising the dispute. Any

> motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement.

An electronic ultimatum is not a good faith attempt to resolve a discovery dispute.[1] Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face. An old-fashioned chat over coffee might prove especially productive. Real-time interaction often provides the best forum for hashing out disputes, whereas a faceless exchange of carefully worded and often pointed emails usually solves little except perhaps providing a false moment of triumph to the person pressing the "send" button.

If a more interactive and meaningful meeting is infeasible, Local Rule 37.1 requires, at the very least, an attempt to fully exchange views before filing discovery motions. In addition, the recent amendments to Local Rule 37.1 encourage counsel to seek the assistance of the assigned Magistrate Judge before filing a formal discovery motion. Plaintiff's counsel ignored the opportunity presented by this amended rule in the same manner that Plaintiff's counsel ignored the Court's warnings.

Plaintiff's counsel's email missive does not satisfy the local rule. Despite its tone, the March 23 email was met with level-headed objections from Defendants that merited further discussion, preferably via a verbal conversation. The parties' contentious history provides no

---

[1]This is not the first time these parties have heard this message. [Docket No. 44 at 1 n.1 ("A meet-and-confer is not an empty and formulaic process that can be accomplished by simply mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.") (internal quotation omitted).]

excuse for skipping this step. Even if relations between counsel have deteriorated to the point where picking up the phone is a challenge, "[i]t is precisely when animosity runs high that playing by the rules is vital." [Docket No. 276 at 10.] Had further discussions failed, either counsel could have contacted the Magistrate Judge for prompt guidance on what appears to be a relatively simple dispute. The Court therefore denies Plaintiff's motion to compel for noncompliance with the local rule. Any successive motion will likewise be denied unless it is preceded by an actual meeting of counsel, preferably in person, and, if the meeting of counsel fails to resolve the discovery dispute, a request to involve the assigned Magistrate Judge.

**IV.    Conclusion**

Plaintiff's motion to compel [Docket No. 271] is denied.

Dated:   05/16/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

| | |
|---|---|
| Lisa A. Baiocchi<br>JACKSON LEWIS LLP<br>lisa.baiocchi@jacksonlewis.com | Lawrence Bryant Shulman<br>JACKSON LEWIS LLP<br>shulmanl@jacksonlewis.com |
| Donald E. Knebel<br>BARNES & THORNBURG LLP<br>donald.knebel@btlaw.com | Aaron M. Staser<br>BARNES & THORNBURG LLP<br>aaron.staser@btlaw.com |
| Michael W. Padgett<br>JACKSON LEWIS LLP<br>padgettm@jacksonlewis.com | Lynn C. Tyler<br>BARNES & THORNBURG<br>lynn.tyler@btlaw.com |
| Charles W. Pautsch<br>JACKSON LEWIS LLP<br>charles.pautsch@jacksonlewis.com | Melissa S. Vare<br>JACKSON LEWIS LLP<br>varem@jacksonlewis.com |
| Jennifer Lynn Schuster<br>BARNES & THORNBURG LLP<br>jschuster@btlaw.com | Richard P. Winegardner<br>BARNES & THORNBURG LLP<br>rwinegar@btlaw.com |