UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LOPAREX, LLC, )
    *Plaintiff*, )
)
*vs.* ) 1:09-cv-01411-JMS-TAB
)
MPI RELEASE TECHNOLOGIES, LLC, *et al.*, )
    *Defendants.* )
)

# ORDER

By previous order on their motion for sanctions, the Court awarded Defendants their attorney's fees for having to chase down documents in Minnesota—via a contested third-party subpoena—that Plaintiff Loparex, LLC, should have produced itself during discovery. [Dkt. 276.] The Court also awarded them fees in connection with Loparex's improper decision to unilaterally terminate a deposition in this action. [*Id.*] The Court directed Defendants to submit a fee petition if they couldn't resolve the proper amount of those fees by agreement with Loparex. The parties reached no agreement, so the Court now has before it Defendants' fee petition, [dkt. 279].

When a fee petition is more than minimal—as this one is—the Seventh Circuit requires the Court to reach a reasoned decision on the evidence, rather than merely "eyeballing" the fee petition. *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984) (reversing where district court reduced $50,000 fee request by a flat 50% to account for perceived excess billings). Accordingly, when determining the fee award, the Court must calculate the number of hours reasonably expended in response to the sanctionable conduct and multiply them by a reasonable hourly rate. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317 (7th Cir. 2003) (citation omitted). Thus, not all time an attorney actually incurs may be recoverable. "Cases may be overstaffed,

and the skill and experience of lawyers vary widely." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When preparing a fee petition, counsel should use the same "billing judgment" as counsel uses when preparing the bill for counsel's own client, by "exclud[ing] from a fee request hours that are excessive, redundant, or otherwise unnecessary….Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (quotation omitted; emphasis in original). If counsel fails to exercise that billing judgment, the Court must exercise it for counsel. *See id.*

The party requesting the fee award bears the burden of proving the reasonableness of the fee. *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted). In the Seventh Circuit, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) (citations omitted).

Defendants here request $27,440.50: $24,920.50 for the time their attorneys spent between January 5-20, 2010 obtaining the documents from Minnesota, plus $2,520 for the resumed deposition on January 7, 2010. In support of their request, Defendants have submitted two affidavits that attach "draft" billing invoices and that explain how the times on the draft invoices have been reduced to exclude time not related to the sanctionable conduct. [Dkt. 279-1, 279-2.] Nothing in the record, however, indicates whether all the time on the draft invoices was actually billed to Defendants and, if it was, whether they actually paid the full bill without objection.

**A. Fees for Obtaining the Documents in Minnesota**

The $24,920.50 in fees Defendants request for obtaining and enforcing the third-party subpoena in Minnesota result from five attorneys' billing entries: Don Knebel and Lynn Tyler, who are both partners at Barnes & Thornburg LLP's ("B&T") Indianapolis office and counsel of record in this action; Aaron Staser and Jennifer Schuster, who are B&T associates in Indianapo-

lis and also counsel of record; and Jacqueline Williams, a B&T attorney in Minneapolis.[1]  Loparex makes several objections to the number of attorney hours requested, but it makes no argument against the hourly rates Defendants have requested for their attorneys' time.

**1. Number of Attorneys**

Loparex complains that Defendants overstaffed their effort to obtain the documents in Minnesota; it doesn't understand why five attorneys were needed to litigate a third-party subpoena.  As Defendants note, however, Loparex's criticism rings somewhat hollow given that five attorneys appeared on Loparex's response in opposition to Defendants' motion to enforce the subpoena.  [*See* dkt. 285-1 at 23.]  Nonetheless, that rejoinder is irrelevant inasmuch as the present motion requires the Court to determine the reasonableness of Defendants' attorneys' fees—not those of Loparex.

Because Defendants seek to recover for the time of multiple attorneys, the Court must ensure that Loparex isn't forced to subsidize inefficient staffing.  *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) ("Though efficiency can sometimes be increased through collaboration, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." (citations omitted)).  If Defendants had presented evidence that they had actually paid the bills that they now ask Loparex to pay, their payment would help show efficient staffing given the Defendants' own self-interest in minimizing their fees.  *See Perry*, 517 F.3d at 469.  But as indicated above, they have tendered no such evidence.

---

[1] The Court is unfamiliar with Ms. Williams, who is out-of-state and has not participated in the proceedings here.  She is not listed on B&T's website and presumably has left the firm.  Based on her billing rate, she appears to have been an associate during the time at issue.

Based on the record presented, the Court finds that Defendants have reasonably requested recovery for using Mr. Tyler, Mr. Staser, and Ms. Williams. As to the first, Loparex agrees that Mr. Tyler was appropriately staffed to the matter (except for travel time, discussed later). [Dkt. 280 at 6.] As for Mr. Staser, the billing records show that the Defendants achieved efficiency by delegating him tasks that were inappropriate for someone of Mr. Tyler's billing rate to perform, such as preparing the first draft of the motion to enforce the third-party subpoena for Mr. Tyler to review and revise. [*See* dkt. 279-1 at 10.][2] And given that the third-party subpoena was litigated in Minnesota, the District of Minnesota's local rules required Mr. Tyler to find a local attorney to "participate in the preparation and presentation of the case" with him. U.S. Dist. Ct. Minn. L.R. 83.5(d)(2)(A). Ms. Williams' time spent preparing papers for filing and attending the hearing on the motion were, therefore, reasonable.

The Court declines, however, to award the 1.2 hours that Defendants have requested for Mr. Knebel and the 4.6 hours that they requested for Ms. Schuster. Given that Mr. Tyler was evidently tasked with supervising and arguing the motion to enforce the third-party subpoena, the record fails to establish the need for both Mr. Tyler and Mr. Knebel to bill for a meeting to discuss the brief, [*see* dkt. 279-1 at 10], nor the need for Mr. Knebel to "[c]onsider matters to be raised at hearing on motion to compel discovery in Minnesota case," [*id.* at 16]. As for Ms. Schuster, her time was spent doing research for a reply brief that was apparently never filed. [*See id.* at 16, 17.] Especially absent any evidence that the Defendants themselves actually paid for Ms. Schuster's time, the Court finds it unreasonable to ask Loparex to pay for Ms. Schuster's time.

---

[2] While Loparex objects that Mr. Tyler and Mr. Staser both reviewed its response to that motion and billed for their time, [*see* dkt. 280 at 4-5], that duplication objection becomes moot once the Court reduces Mr. Staser's time on January 12 and 18 for the reasons presented in the next section.

## 2. Block Billing

Loparex also takes issue with B&T's block-billed time entries. Notwithstanding the Defendants' reduction in the time billed to account for what they agree are non-compensable activities, Loparex asks the Court to either automatically disallow or further discount entries that contain narratives containing any reference to non-compensable activities. [Dkt. 280 at 2-3.] It makes that request so as to discourage the "universally disdained" practice of block-billing that precludes meaningful review of fee requests. *In re Tak Commc'ns. Inc.*, 154 B.R. 514, 519 (Bankr. W.D. Wis. 1993). *See also Abbott v. Village of Winthrop Harbor*, 1999 U.S. Dist. LEXIS 13346, *9-11 (N.D. Ill. 1999) (collecting cases and refusing to award any fees for block-billed entries).[3]

The Court rejects Loparex's request as impermissible under Seventh Circuit authority. The Seventh Circuit has specifically held that, although not ideal, block billing "is not a prohibited practice" in the fee-shifting context. *Farfaras v. Citizens Bank & Trust*, 433 F.3d 558, 569 (7th Cir. 2006). "If counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001) (citation omitted). While some clients refuse block billing, many others accept it, and the bills here don't use vague narrative descriptions—indeed, Loparex doesn't argue otherwise. So the Court will impose no "automatic" negative treatment of block-billed items.

Yet B&T's block billing isn't without consequence. Where time entries encompass both compensable and non-compensable tasks—which Loparex argued occurred with respect to Mr. Tyler and Mr. Staser in eight entries, [*see* dkt. 280 at 3-4]—the block billing somewhat complicates Defendants' ability to satisfy their burden of proving the amount of time actually spent on

---

[3] Loparex doesn't specifically ask that the Court discount or refuse block-billed entries containing narratives that reference only compensable activities.

the compensable tasks. Lacking contemporaneous accounts of the time spent on discrete tasks reflected in the bill to guide their reductions, Mr. Tyler advises that he and Mr. Staser could only rely on the narrative "descriptions and [their] memories…[to] estimate[] the amount of the entry that related to the Minnesota Action." [Dkt. 279-1 ¶5.] While the Court accepts Mr. Tyler's estimates of the reductions necessary for his own time as having been made in good faith and reasonably—for example, reducing the entry on January 7, 2010 from 4.9 hours to 0.80 hours, [dkt. 279-1 at 9]—Mr. Tyler can't testify about whether Mr. Staser thinks the estimates of Mr. Staser's time are accurate. *See* Fed. R. Evid. 602, 802. Because Mr. Staser's affidavit is silent on that score, [*see* dkt. 279-2], the Court lacks any evidentiary basis to evaluate the reasonableness of the reductions to Mr. Staser's billed time.

On the days where Mr. Staser's block-billed time records reflect both compensable and non-compensable time narratives, the bills establish that he performed at least some activities that fall into both categories. The evidence just doesn't establish how much compensable time he had on those days. Given the failure of proof that any higher amount is recoverable, the Court will award "nominal" attorneys fees of .1 hours for each day where Mr. Staser's block-billed time reflects both compensable and non-compensable activities, thereby vindicating Defendants' right to recover for Loparex's wrongful conduct while at the same time guarding against an excessive recovery on those days. *Cf. Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("By making the deprivation of…rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury….").

### 3. Travel Time

Loparex also complains that it shouldn't have to pay for Mr. Tyler to travel from Indianapolis to Minneapolis given that B&T has a Minneapolis office and that Ms. Williams "was well up to speed in the case through her hours of work preparing for the motion to compel" and could have argued the motion. [Dkt. 280 at 5.]

The Seventh Circuit has explicitly held that travel time is recoverable. *See In re Maurice*, 69 F.3d 830, 834 (7th Cir. 1995) ("Attorneys customarily charge their clients for time on an opportunity-cost basis. Statutes authorizing compensation for attorneys' fees therefore permit compensation for travel time." (citations omitted)). While sometimes it may be more efficient for a client to bring local counsel up to speed rather than paying for out-of-state counsel to attend a hearing, the record establishes that this is not one of those cases. Given the modest travel time that Defendants have requested for Mr. Tyler, traveling was the cheaper option. Furthermore the Court notes that while "en route" to the hearing, Mr. Tyler used his outbound travel time to "review[] briefs and exhibits," [dkt. 279-1 at 17], demonstrating a high degree of efficiency. As for having Ms. Williams conduct the argument, Loparex overstates her familiarity with the Minnesota dispute. She billed a mere 7.6 hours, and, even then, on mostly procedural matters appropriate for local counsel. [*See id.* at 17 (recording .5 hours for "[r]eview [of] rules regarding filing reply briefs; conference with Lynn Tyler and Aaron Staser regarding the same").] Additionally, in the Court's experience, it would be somewhat unusual to have a junior attorney conduct the oral argument alone. Accordingly, the Court will make no deductions for Defendants' decision to have Mr. Tyler travel to Minnesota to argue the motion, and to bill for that time.

### 4. Summary

Consistent with the foregoing, the Court modifies the Defendants' fee request with respect to obtaining the Minnesota documents as follows:

| Date | Attorney | Hours Claimed | Fee Claimed | Hours Allowed | Fee Awarded | Reason |
|---|---|---|---|---|---|---|
| 1/5/10 | L. Tyler | 0.20 | $89.00 | 0.20 | $89.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/5/10 | A. Staser | 0.30 | $84.00 | 0.10 | $28.00 | Section A(1),(2). |
| 1/6/10 | L. Tyler | 0.60 | $267.00 | 0.60 | $267.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/6/10 | A. Staser | 1.00 | $280.00 | 0.10 | $28.00 | Section A(1),(2). |
| 1/7/10 | L. Tyler | 0.80 | $356.00 | 0.80 | $356.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/8/10 | D. Knebel | 0.80 | $448.00 | 0.00 | $0.00 | Section A(1). |
| 1/8/10 | L. Tyler | 1.60 | $712.00 | 1.60 | $712.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/8/10 | A. Staser | 4.50 | $1,260.00 | 0.10 | $28.00 | Section A(1),(2). |
| 1/8/10 | J. Williams | 1.50 | $405.00 | 1.50 | $405.00 | Section A(1),(3). |
| 1/9/10 | L. Tyler | 0.40 | $178.00 | 0.40 | $178.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/9/10 | A. Staser | 4.00 | $1,120.00 | 4.00 | $1,120.00 | Section A(1). |
| 1/10/10 | L. Tyler | 1.20 | $534.00 | 1.20 | $534.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/10/10 | A. Staser | 1.10 | $308.00 | 1.10 | $308.00 | Section A(1). |
| 1/11/10 | L. Tyler | 2.60 | $1,157.00 | 2.60 | $1,157.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/11/10 | A. Staser | 6.40 | $1,792.00 | 6.40 | $1,792.00 | Section A(1). |
| 1/11/10 | J. Williams | 2.30 | $621.00 | 2.30 | $621.00 | Section A(1),(3). |
| 1/12/10 | L. Tyler | 1.10 | $489.50 | 1.10 | $489.50 | Loprex agrees [dkt. 280 at 6]. |
| 1/12/10 | A. Staser | 3.70 | $1,036.00 | 0.10 | $28.00 | Section A(1),(2). |
| 1/12/10 | J. Williams | 1.40 | $378.00 | 1.40 | $378.00 | Section A(1),(3). |
| 1/13/10 | L. Tyler | 1.00 | $445.00 | 1.00 | $445.00 | Loprex agrees [dkt. 280 at 6]. |
| 1/13/10 | J. Williams | 0.20 | $54.00 | 0.20 | $54.00 | Section A(1),(3). |
| 1/15/10 | L. Tyler | 2.50 | $1,112.50 | 2.50 | $1,112.50 | Loprex agrees [dkt. 280 at 6]. |
| 1/18/10 | L. Tyler | 0.80 | $356.00 | 0.80 | $356.00 | Loprex agrees [dkt. 280 at 6]. |

| Date | Attorney | Hours Claimed | Fee Claimed | Hours Allowed | Fee Awarded | Reason |
|---|---|---|---|---|---|---|
| 1/18/10 | A. Staser | 4.40 | $1,232.00 | 0.10 | $28.00 | Section A(1),(2). |
| 1/18/10 | J. Schuster | 3.40 | $782.00 | 0.00 | $0.00 | Section A(1). |
| 1/19/10 | D. Knebel | 0.40 | $224.00 | 0.00 | $0.00 | Section A(1). |
| 1/19/10 | L. Tyler | 8.30 | $3,693.50 | 8.30 | $3,693.50 | Loprex agrees, except for travel time, [dkt. 280 at 6], which is awarded per Section A(3). |
| 1/19/10 | A. Staser | 4.50 | $1,260.00 | 0.10 | $28.00 | Section A(1),(2). |
| 1/19/10 | J. Schuster | 1.20 | $276.00 | 0.00 | $0.00 | Section A(1). |
| 1/19/10 | J. Williams | 0.50 | $135.00 | 0.50 | $135.00 | Section A(1),(3). |
| 1/20/10 | L. Tyler | 7.40 | $3,293.00 | 7.40 | $3,293.00 | Loprex agrees, except for travel time, [dkt. 280 at 6], which is awarded per Section A(3). |
| 1/20/10 | A. Staser | 0.30 | $84.00 | 0.10 | $28.00 | Section A(1),(2). |
| 1/20/10 | J. Williams | 1.70 | $459.00 | 1.70 | $459.00 | Section A(1),(3). |
| | **Totals:** | | $24,920.50 | | $18,150.50 | |

**B. Fees for the Resumed Deposition**

The $2,520 that Defendants request in connection with resuming the deposition represent three hours of time each for Mr. Knebel and Mr. Staser. Inasmuch as Loparex doesn't dispute that Defendants are entitled to recover the full three hours of Mr. Knebel's time, Loparex's only objection to the Defendants' fee request is having to pay for Mr. Staser to attend the deposition, even though he wasn't questioning the witness. [Dkt. 280 at 7.]

Loparex's objection is well taken. While the Defendants say that local practice often sees multiple counsel attend a deposition, the issue before the Court isn't what local practice tolerates, but what the evidentiary record supports as reasonable. The only case-specific argument that Defendants make to justify Mr. Staser's presence was the help he provided to Mr. Knebel with

the exhibits for the witness. [*See* dkt. 285 at 5.] Mr. Knebel is a seasoned trial lawyer. The Court is quite confident that he could have handled the exhibits himself. Absent any indication that Defendants actually paid for Mr. Staser's time at the deposition, the evidence only supports a finding that Mr. Staser's presence wasn't actually necessary. It won't, therefore, be forced upon Loparex.

## CONCLUSION

Defendants are awarded $18,150.50 in attorney's fees in connection with obtaining the documents from Minnesota and $1,680 in fees in connection with the resumed deposition of Dr. Podsiadly, for a total of $19,830.50. Because Loparex has made no argument that being required to pay the award before final judgment would subject it to irreparable harm, the Court **ORDERS** Loparex to pay the fee award to Defendants within **fourteen days**. *See Mulay Plastics, Inc. v. Grand T. W. R. Co.*, 742 F.2d 369, 370 (7th Cir. 1984) (dismissing appeal from fees imposed as discovery sanction and noting that "an order to pay money as a sanction for abuse of discovery usually does not…inflict irreparable harm on the party…ordered to pay" and that a refund will be required on appeal if the sanction turns out to have been erroneous).

05/25/2011

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Lisa A. Baiocchi
JACKSON LEWIS LLP
lisa.baiocchi@jacksonlewis.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Charles W. Pautsch
JACKSON LEWIS LLP
charles.pautsch@jacksonlewis.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Lawrence Bryant Shulman
JACKSON LEWIS LLP
shulmanl@jacksonlewis.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com

Melissa S. Vare
JACKSON LEWIS LLP
varem@jacksonlewis.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com