UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOPAREX, LLC, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:09-cv-01411-JMS-TAB |
| | ) | |
| MPI RELEASE TECHNOLOGIES, LLC, *et al.*, | ) | |
|     *Defendants.* | ) | |
| | ) | |

# ORDER

In this case, the Plaintiff Loparex, LLC ("Loparex") sued Defendants—its competitor and two former employees—for trade-secret misappropriation and various related causes of action. The individual Defendants counterclaimed against Loparex. They charged it with violating an Indiana statute that prohibits blacklisting of employees. Through previous orders, the Court has entered summary judgment in Defendants' favor on Loparex's Complaint and denied Loparex's motion to dismiss the Counterclaims. [Dkt. 240, 275.]

Presently before the Court is Loparex's Motion for Entry of Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. [Dkt. 282.] Loparex asks the Court to enter final judgment with respect to the claims at issue in the Complaint, thereby permitting Loparex to appeal the grant of summary judgment while defending against the Counterclaims here.

As a policy matter, Congress has determined that appeals should generally wait until litigation in the trial court has completely finished with respect to all parties and all claims. *See* 28 U.S.C. § 1291. Some narrow exceptions to that rule exist, including Fed. R. Civ. Pro. 54(b). It provides in part: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—…the court may direct entry of a final judgment as to one or more, but fewer than all, claims…only if the court expressly determines that there is

no just reason for delay." *Id.* That provision forbids a district court from certifying any claim under "Rule 54(b)…when the subjects of the partial judgment…overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005) (citation omitted). But because certification under Rule 54(b) is discretionary, not mandatory, merely establishing separateness of claims doesn't entitle a party who has lost on those claims to an immediate appeal. *Doe v. City of Chicago*, 360 F.3d 667, 673 (7th Cir. 2004) (citations omitted); *Horn v. Transcon Lines*, 898 F.2d 589, 592 (7th Cir. 1990) ("Even when claims are separate, an appeal ought not follow as of course."). The Court must consider "judicial administrative interests as well as the equities involved, and giv[e] due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (quotations omitted).

Here, whether or not Loparex is correct that the claims in its Complaint are separate for Rule 54(b) purposes from those in the Counterclaims—a point that Defendants vigorously dispute—the Court would still, and does, exercise its discretion to deny certification.

First, Loparex's request doesn't promote judicial administrative interests. The Counterclaims are set for a bench trial in approximately three months. [Dkt. 238.][1] That imminent trial date means that the entire litigation before this Court could easily conclude before any piecemeal appeal is fully briefed, much less argued and decided. Thus, even if the Court of Appeals determines that it was error to have entered summary judgment against Loparex with respect to the claims in the Complaint, the parties (and the Court) couldn't avoid the costs of two trials. While the Court could, of course, stay further proceedings on the Counterclaims pending the outcome of the appeal, doing so would conflict with the time-to-disposition expectations of the Civil Jus-

---

[1] Loparex repeatedly makes reference to the "jury" in this action. No party has demanded a jury, so none will be empanelled. [Dkt. 238.]

tice Reform Act, 28 U.S.C. §§ 471-82.[2]  Through it, Congress has indicated that routine civil cases should be finished within eighteen months, and the rest within three years—barring unusual circumstances not present here.  28 U.S.C. §§ 476(a)(3), 473(a)(2)(B).

Second, equitable interests likewise don't support a Rule 54(b) certification, which is only designed "to permit piecemeal appeals in the infrequent harsh case." *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 n.7 (7th Cir. 1980) (quotation omitted).  Loparex has failed to identify any special prejudice that it faces should it have to wait, like everyone else, to appeal after trial.  "Courts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn*, 898 F.2d at 592.  Indeed, with respect to the increased costs of litigation for the opposing party, a piecemeal appeal would merely represent the newest front in the total-war mentality that has, unfortunately, pervaded this litigation (on both sides).  Consider, for example, Loparex's flippant accusation, [dkt. 289 at 4], that the Defendants' Counterclaims are legally frivolous.  Given the serious nature of such an accusation, *see* Fed. R. Civ. Pro. 11, it was wildly inappropriate.

Because neither judicial administrative considerations nor equitable considerations favor a piecemeal appeal, and because there several just reasons for delay, the Court **DENIES** Loparex's motion, [dkt. 282].  Because the Court has rejected Loparex's frivolity argument, Defendants' motion for leave to file a surreply to address it, [dkt. 293], is **DENIED AS MOOT**.

---

[2] Loparex erroneously asserts that a stay would be required, as opposed to merely optional.  [Dkt. 283 at 4.]  Because any claim certified under Rule 54(b) must necessarily be separate from any remaining claim, the remaining claims can proceed pending the appeal.  *See Doe*, 360 F.3d at 673 (noting that "the case continues in the district court" after Rule 54(b) certification).

05/31/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Lisa A. Baiocchi
JACKSON LEWIS LLP
lisa.baiocchi@jacksonlewis.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Charles W. Pautsch
JACKSON LEWIS LLP
charles.pautsch@jacksonlewis.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Lawrence Bryant Shulman
JACKSON LEWIS LLP
shulmanl@jacksonlewis.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com

Melissa S. Vare
JACKSON LEWIS LLP
varem@jacksonlewis.com

Richard P. Winegardner

BARNES & THORNBURG LLP
rwinegar@btlaw.com