UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LOPAREX, LLC,                                    )
       *Plaintiff*,                              )
                                                 )
     *vs.*                                      )       1:09-cv-01411-JMS-TAB
                                                 )
MPI RELEASE TECHNOLOGIES, LLC, GERALD            )
KERBER, AND STEPHAN ODDERS ,                     )
       *Defendants*.                          )

## ORDER

Presently pending before the Court is Charles W. Pautsch's Objections to Magistrate Judge Baker's January 30, 2013 Order. [Dkt. 438.]

## I.
### BACKGROUND

On August 22, 2012, the Court entered a Judgment of Costs and Fees against Plaintiff Loparex, LLC ("Loparex") and its then-counsel, Mr. Pautsch, jointly and severally for $475,332.70, and against Mr. Pautsch for an additional $41,823.50 for a total liability of $517,156.20. [Dkt. 385.] On December 7, 2012, after denying Mr. Pautsch's Motion to Alter or Amend Judgment and Loparex's Motion to Vacate Order and Judgment and to Reconsider the MPI Defendants' Motion for Attorneys' Fees, the Court entered an Amended Judgment of Costs and Fees which clarified that: (1) Loparex and Mr. Pautsch were jointly and severally liable for $475,332.70; (2) Loparex was liable for an additional $28,946.67, for a total liability of $504,279.37; and (3) Mr. Pautsch was liable for an additional $41,823.50, for a total liability of $517,156.20. [Dkt. 405.]

On January 4, 2013, both Loparex and Mr. Pautsch filed Notices of Appeal relating to various orders which ultimately resulted in the Amended Judgment of Costs and Fees. [Dkts.

407; 409.]  Shortly thereafter, on January 11, 2013, Defendants MPI Release Technologies, LLC ("MPI"), Gerald Kerber, and Stephan Odders (collectively, the "MPI Defendants") filed a Verified Motion for Proceedings Supplemental in which they requested that the Court hold a hearing where Mr. Pautsch and the Chief Financial Officer of Loparex would be required to answer questions regarding any assets or other non-exempt property that could be applied to satisfy the Amended Judgment of Costs and Fees.  [Dkt. 417.]  That motion remains pending.  Loparex then filed a Motion for Stay of Execution on Amended Judgment of Costs and Fees Pending Appeal, in which it requested that the Court stay execution of the Amended Judgment against it pending appeal under Fed. R. Civ. P. 62(d) and advised that it had posted a financial surety bond in the amount of $517,516.20 to secure its obligation, if any, at the conclusion of its appeal.  [Dkt. 419.]  The MPI Defendants did not oppose Loparex's motion, [dkt. 426], and the Court approved Loparex's bond and stayed execution of the Amended Judgment against it pending appeal, [dkt. 432].

In the meantime, Mr. Pautsch filed a Motion for Stay of Execution on Amended Judgment of Costs and Fees Pending Appeal.  [Dkt. 421.]  In his motion, Mr. Pautsch requested that the Court stay execution of the Amended Judgment as against him pending appeal, and that he only be required to post a bond for $41,823.50 – the amount of the Amended Judgment which he owes alone – because Loparex had already posted a bond for the amount jointly and severally owed.  [*Id.* at 2-4.]  Mr. Pautsch represented that "Counsel for defendants has stated that defendants will be amenable to allowing Mr. Pautsch to file a Supersedeas Bond in the amount of

$41,823.50, corresponding to the amount owed by Mr. Pautsch alone." [*Id.* at 2.][1]  The MPI Defendants filed their opposition to Mr. Pautsch's motion, arguing that he should be required to post a bond for the full amount of his liability, and that they did not consent to Mr. Pautsch posting a lesser bond.  [Dkt. 425 at 1-2.]

On January 30, 2013, Magistrate Judge Baker issued an Order denying Mr. Pautsch's Amended Motion for Stay of Execution on Amended Judgment of Costs and Fees Pending Appeal to the extent that it requested a stay based on a bond for less than the full $517,156.20. [Dkt. 431.]  Judge Baker stated:

> The $475,332.70 judgment is joint and several as to Loparex and Pautsch.  This means both are equally responsible for its full amount.  Loparex has satisfied its obligations on this amount (and more) by posting its bond.  But Loparex's bond does not satisfy Pautsch's obligations.  For example, Loparex might assert an argument on appeal that gets itself – but not Pautsch – out from under the judgment. Or as Loparex has argued, the failure to fully secure the judgment against Pautsch could complicate efforts to reach a settlement between Loparex and the Defendants, particularly as the appeal heads toward formal mediation….Contrary to Pautsch's contention, requiring him to post a bond would not be a constitutionally impermissible double bond….Rather, requiring the full amount of the bond simply ensures Defendants are fully secured, which is entirely consistent with the purpose of Rule 62.

[*Id.* at 2.]  Judge Baker granted Mr. Pautsch's Amended Motion only to the extent that the Amended Judgment would be stayed if Mr. Pautsch posted a bond of $517,156.20 by February 11, 2013.  [*Id.*]

Mr. Pautsch then requested that the deadline for posting the bond be extended to February 25, 2013, arguing only that the parties were scheduled to participate in mediation through February 25, 2013, and that the MPI Defendants did not object to the extension – Mr. Pautsch

---

[1] Mr. Pautsch filed his motion as "unopposed," [dkt. 421], but then filed an Amended Motion for Stay of Execution on Amended Judgment of Costs and Fees Pending Appeal, [dkt. 422], in which he stated that the original motion should not have been filed as "unopposed" but that the original Motion and the Amended Motion were identical in all respects except for their captions. [*Id.* at 1, n.1.]

did not argue that he was having difficulty obtaining a bond for the full amount of the Amended Judgment.  [Dkts. 434; 436.][2]  The Court granted Mr. Pautsch's request for an extension.  [Dkt. 437.]  Two days after obtaining the extension of time for posting the bond, Mr. Pautsch filed his Objections to Magistrate Judge Baker's January 30, 2013 Order.  [Dkt. 438.]

## II.
### STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) provides that the Court must consider timely objections to a magistrate judge's decision on a nondispositive motion, and modify or set aside any part of the magistrate judge's order that is clearly erroneous or contrary to law.  *See also* 28 U.S.C. § 636(b)(1)(A) (providing that the district court can reconsider any pretrial matter decided by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law).  The clear error standard means that the Court can overturn the magistrate judge's ruling "only if it is left with the definite and firm conviction that a mistake has been made."  *Cool v. BorgWarner Diversified Transmission Prods.*, 2003 U.S. Dist. LEXIS 20137, *2-3 (S.D. Ind. 2003) (*quoting Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)).

Mr. Pautsch's Motion to Stay Execution of Amended Judgment is nondispositive, so Mr. Pautsch must show that the Magistrate Judge committed clear error in connection with the January 30, 2013 Order.  *See, e.g., Johnson v. Louisiana*, 2010 U.S. Dist. LEXIS 114316, *2 (W.D. La. 2010) ("The decision by a magistrate judge on a motion to stay is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions…that a magistrate judge may not conclusively decide.  [The magistrate's order] is an order from the

---

[2] On February 25, 2013, the Court stayed Mr. Pautsch's obligation to post the $517,156.20 bond and his obligation to respond to the MPI Defendants' Verified Motion for Proceedings Supplemental, pending its ruling on Mr. Pautsch's Objections.  [Dkt. 442.]

magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law"); *Knox v. PLO*, 628 F.Supp.2d 507, 508 (S.D. N.Y. 2009) ("the underlying motion to reduce the bond does not involve a dispositive matter").

### III.
### DISCUSSION

In his Objections to Magistrate Judge Baker's January 30, 2013 Order, Mr. Pautsch reiterates his previous argument that the MPI Defendants are adequately protected by Loparex's already-posted bond, and argues for the first time that "[d]espite exhaustive efforts, Mr. Pautsch has not been able to obtain a supersedeas bond in the amount of $517,156.20 to stay execution….[A]ll bonding sureties have required Mr. Pautsch to present 100% cash collateral or an irrevocable letter of credit to extend any amount of supersedeas bond…."  [*Id.* at 6.]  In support of his Objections, Mr. Pautsch submits a Declaration in which he states that: (1) after receiving the MPI Defendants' Verified Motion for Proceedings Supplemental, he "began to undertake efforts to secure a supersedeas bond to stay execution of the [Amended Judgment]," [dkt. 438-2 at 1-2, ¶¶ 1-2]; (2) he has "contacted numerous bonding agencies and insurance companies to obtain a supersedeas bond[, but e]ach agency and company I contacted required me to present 100% cash collateral or an irrevocable letter of credit to obtain a bond of any amount," [*id.* at 2, ¶ 3]; and (3) he does not "possess anywhere approaching the necessary financial resources required, either through 100% cash collateral or an irrevocable letter of credit, to obtain a supersedeas bond in the amount of $517,516.20," [*id.* at 2, ¶ 4].

The MPI Defendants respond to Mr. Pautsch's Objections by arguing that: (1) Mr. Pautsch has not established that the January 30, 2013 Order was clearly erroneous or contrary to law; (2) Mr. Pautsch's representations regarding his financial resources highlight the necessity of requiring a bond in the full amount, and show that the MPI Defendants should be able to pursue

- 5 -

proceedings supplemental regarding those resources; (3) Mr. Pautsch did not argue that he could not post a bond in the full amount prior to the January 30, 2013 Order, and apparently did not begin investigating his ability to post a bond for the full amount until after the Order was entered; and (4) Loparex's bond does not adequately protect that MPI Defendants for Mr. Pautsch's liability.  [Dkt. 440 at 1-2.]

Mr. Pautsch replies with several new arguments, including that: (1) the January 30, 2013 Order erroneously stated that "as Loparex has argued, the failure to fully secure the judgment against Pautsch could complicate efforts to reach a settlement between Loparex and the Defendants, particularly as the appeal heads toward formal mediation," when the MPI Defendants had actually asserted that argument; and (2) concern over a hypothetical settlement is not a proper basis for denying a motion to stay execution.  [Dkt. 441 at 2-4.]

Generally, in order to obtain a stay of execution of judgment pending appeal pursuant to Fed. R. Civ. P. 62(d), the movant must post a supersedeas bond for the full amount of the judgment.  *See BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992); *Olympia Equipment Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986).  The Court has some discretion to waive the bond requirement, and will consider the following factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment…; (4) whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money'…; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position…."  *Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (citations omitted).  Mr. Pautsch argues that Magistrate Judge Baker should not

have considered the possible effect allowing him to post a bond for less than the full amount could have on a potential settlement between Loparex and the MPI Defendants, because it is not one of the five factors identified in *Dillon*.  [Dkt. 441 at 2-4.]

Mr. Pautsch's argument is misplaced and confusing.  The factors set forth in *Dillon* relate to waiving the bond requirement altogether.  Magistrate Judge Baker discussed the effect on a potential settlement in connection with Mr. Pautsch's request to post a bond for less than the full amount based on the fact that Loparex had already posted a bond for the amount of its joint and several liability with Mr. Pautsch.  The *Dillon* factors are not relevant to whether the amount of the bond is adequate in the joint and several liability context, but only whether the bond require-ment should be waived altogether.  Waiver in general, and the amount of a bond in the joint and several liability context are two distinct issues which the Court will address separately, keeping in mind that the January 30, 2012 Order will only be overturned if it was clearly erroneous or contrary to law.

### A.  Waiver of the Bond Requirement

Mr. Pautsch did not request that the Court waive the bond requirement altogether in his Amended Motion for Stay of Execution on Amended Judgment of Costs and Fees Pending Ap-peal, [dkt. 422].  Rather, he only requested that the Court stay execution based on the posting of a $41,823.50 bond.  [*Id.* at 4 ("Once the [$41,823.50] Bond is posted, Mr. Pautsch therefore is entitled to an order approving the Bond and issuing a stay of execution of the Amended Judg-ment….").]  Since Mr. Pautsch did not request waiver of the bond altogether, and Magistrate Judge Baker did not address that issue, Mr. Pautsch cannot now object based on an argument that the bond requirement should have been waived.  Accordingly, the Court overrules Mr. Pautsch's Objections to the extent they relate to any request to waive the bond requirement altogether.

**B.  Amount of the Bond in the Joint and Several Liability Context**

Mr. Pautsch addresses the third factor for waiving the bond requirement – the degree of confidence that the district court has in the availability of funds to pay the judgment – in requesting that the Court allow him to obtain a stay based on a bond for less than his full amount of liability.  [Dkt. 438 at 4-6.]  He argues that the bond posted by Loparex adequately protects the MPI Defendants, and that requiring a lesser bond is "wholly appropriate" and "only fair."  [*Id.* at 4-5.]  This factor, however, focuses on the degree of confidence in the availability of funds *from Mr. Pautsch* to pay the judgment, not availability of funds in general.  While it is true that Loparex and Mr. Pautsch are jointly and severally liable for a large portion of Mr. Pautsch's liability, Mr. Pautsch has not pointed the Court to any authority – and the Court is not aware of any – standing for the proposition that a party is absolved from the bond requirement because another party who is jointly and severally for part of the amount has posted a bond.

Indeed, Mr. Pautsch does not address Magistrate Judge Baker's concern that Loparex (whose liability is based on Fed. R. Civ. P. 11) might succeed on appeal and Mr. Pautsch (whose liability is based on 28 U.S.C. § 1927) might not.  [Dkt. 431 at 2.]  The Court finds that this possibility alone is enough to require Mr. Pautsch to post a bond in the full amount of his liability in order to stay execution of the Amended Judgment.  Additionally, Magistrate Judge Baker's concern regarding the effect of allowing Mr. Pautsch to post a lesser bond on a potential settlement between Loparex and the MPI Defendants is a valid one.  Whether Loparex or the MPI Defendants raised this argument is irrelevant – it is a fact which Mr. Pautsch does not dispute, but ar-

gues is improperly raised by the MPI Defendants.[3]  Mr. Pautsch has not shown that the Magistrate Judge's January 30, 2013 Order was contrary to law, and the Court finds that it was not and overrules Mr. Pautsch's Objections relating to his request that he only be required to post a bond of $41,823.50 in order to stay execution of the Amended Judgment.

One issue remains outstanding, however.  If Mr. Pautsch is unable to secure a bond for the full amount of the Amended Judgment against him, execution of the Amended Judgment may go forward.  However, the Court has the discretion to "fashion some other arrangement for substitute security…*which would furnish equal protection to the judgment creditor*."  *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty.*, 932 F.Supp. 1147, 1150 (S.D. Ind. 1996) (emphasis in original) (citation omitted).  Mr. Pautsch has not proposed any alternate form of security but, in lieu of simply denying Mr. Pautsch's Motion for Stay of Execution at this point because he cannot post the full amount of the bond and allowing execution of the Amended Judgment to go forward, the Court would like to explore that possibility.  Accordingly, while the Court overrules Mr. Pautsch's Objections, it also stays the requirement that he post the full amount of the bond and stays execution of the Amended Judgment, pending a hearing on the possibility of posting some alternate form of security.  The Court notes, however, that should Mr. Pautsch wish to avoid execution of the Amended Judgment pending appeal by posting an alternate form of security, the burden will be on him to "demonstrate that posting a full bond is impossible or im-

---

[3] Mr. Pautsch also argues that the posting of a bond is to secure a judgment, not to "influence settlement."  [Dkt. 441 at 3.]  While that may be true, it is a valid concern in this specific context – where one party (Mr. Pautsch) seeks to rely upon a bond another party (Loparex) has posted for an amount jointly and severally owed, and allowing Mr. Pautsch to do that may affect settlement between Loparex and the MPI Defendants.  Any settlement with Loparex would mean that the MPI Defendants would be unprotected as to the amount jointly and severally owed, a scenario which Magistrate Judge Baker properly considered in deciding whether a bond for $41,823.50 would adequately protect the judgment against Mr. Pautsch.

practicable, and to propose a plan that will provide adequate security for [the MPI Defendants]."
*Id.* at 1149.

## IV.
### CONCLUSION

For the foregoing reasons, Mr. Pautsch's Objections to Magistrate Judge Baker's January 30, 2013 Order, [dkt. 438], are **OVERRULED**.  However, Mr. Pautsch's obligation to post a bond to stay execution continues to be **STAYED** pending further order.  During that stay, and until further order, execution of the Amended Judgment as against Mr. Pautsch and the MPI Defendants' Verified Motion for Proceedings Supplemental, [dkt. 417], are also **STAYED**.  The Court requests that the Magistrate Judge set a hearing as soon as practicable on the issue of whether Mr. Pautsch can provide an alternate form of security that would adequately secure the full amount of the $517,156.20 Amended Judgment against him.  At the hearing, the burden will be on Mr. Pautsch to demonstrate both an adequate alternate form of security as well as his inability to obtain a $517,156.20 bond.  He should provide documentation of any claim that he is unable to do so.

02/26/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robin Kenton Vinson
NEXSEN PRUET, PLLC
rvinson@nexsenpruet.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Annette M. England
BARNES & THORNBURG LLP
aengland@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG LLP
lynn.tyler@btlaw.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com

Charles W. Pautsch
ARNSTEIN & LEHR LLP
cwpautsch@arnstein.com